## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIAN COVER**,<br>3216 Spartan Road, Apt. 39<br>Olney, MD 20832,<br><br>                    Plaintiff,<br><br>      v.<br><br>**ARAMARK CAMPUS LLC,**<br>1101 Market Street<br>Philadelphia, PA 19107<br><br>                    Defendant. | **Civil Action No.  19-CV-1575** |

## NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Aramark Campus, LLC ("Aramark Campus") hereby removes this case from the Superior Court of the District of Columbia to the U.S. District Court for the District of Columbia.

This Court has subject-matter jurisdiction over this action under Section 1332(a) of Title 28 of the United States Code because the parties are completely diverse and the amount placed in controversy by Plaintiff Julian Cover's ("Cover") claims exceeds $75,000.

### I.     SUMMARY OF COMPLAINT

1.     On February 4, 2019, Cover filed this action against both Aramark Campus and American University ("AU") in the Superior Court of the District of Columbia, captioned *Julian Cover v. Aramark Campus LLC and American University*, Case No. 2019-CA-000727-B.  A copy of the complaint is attached as **Exhibit A.**

2. On March 29, 2019, Aramark Campus and AU filed a motion to dismiss the entirety of Cover's complaint for failure to state a claim.

3. On May 16, 2019, the D.C. Superior Court (Judge John M. Campbell) granted in part and denied in part the motion to dismiss, thereby dismissing Cover's claims against AU in their entirety and with prejudice and only leaving Cover's claims against Aramark Campus. The D.C. Superior Court's May 16, 2019 Order is attached as **Exhibit B.**

4. Attached as **Exhibit C** are the remaining process, pleadings, and orders filed in this action while it was pending in D.C. Superior Court. *See* 28 U.S.C. § 1447(b). On information and belief, these documents comprise the entirety of the process, pleadings, and orders filed in D.C. Superior Court to date.

## II.     VENUE

5. Cover originally filed this case in the Superior Court of the District of Columbia, which renders venue proper in this District. *See* 28 U.S.C. §§ 88, 1441(a).

## III.    TIMELINESS OF REMOVAL

6. This removal is timely because the case stated by Cover's original pleading was not removable, and because Aramark Campus is now removing this action within thirty (30) days after entry of an order rendering the case removable. 28 U.S.C. § 1446(b)(3).

7. More specifically, because Cover does not assert any federal claims, the only basis for removal jurisdiction in this action stems from the diversity-of-citizenship provisions of the statutes. Although Cover and Aramark Campus are completely diverse, Cover's prior claims against AU precluded removal because AU is a resident and citizen of the District of Columbia. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *see also id.* §

1451(2) (confirming that "[t]he term 'State' includes the District of Columbia"). With the D.C. Superior Court's order dismissing Cover's claims against AU with prejudice on May 16, 2019, the case is now removable on diversity-of-citizenship grounds, and Aramark is filing this removal within thirty (30) days of that development. *Id.* § 1446(b)(3).

### IV. SUBJECT-MATTER JURISDICTION

8. Federal law allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction over civil actions that arise under the Constitution or laws of the United States, 28 U.S.C. § 1331, as well as cases in which the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties, *id.* § 1332. Here, this Court has diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse and there is at least $75,000 in controversy.

**Cover and Aramark Campus Are Completely Diverse.**

10. First, the parties are diverse. Cover is a resident and citizen of the State of Maryland. (Compl. ¶ 1.) For its part, as a limited liability company, Aramark Campus has the citizenship of each of its members for diversity purposes. *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 129 (D.D.C. 2018) (citing *CostCommand, LLC v. WH Administrators, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016)). Aramark Campus is wholly owned by a single member, Aramark Educational Services, LLC; Aramark Educational Services is itself a limited liability company that is wholly owned by Aramark Educational Group, LLC; and Aramark Educational Group, LLC is a limited liability company that is wholly owned by Aramark Services, Inc. (Declaration of Andrew Unton ¶ 2.) Accordingly, tracing upwards, Aramark Campus's citizenship is coextensive with the citizenship of Aramark Services, Inc., a Delaware corporation with its principal place of business (*i.e.*, its nerve center or headquarters) in Philadelphia, Pennsylvania.

(*Id.*)  Thus, like Aramark Services, Inc., Aramark Campus is a citizen of the State of Delaware and the Commonwealth of Pennsylvania.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.  Accordingly, the parties are completely diverse because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

**The Amount In Controversy Exceeds $75,000.**

12.  Second, although Aramark Campus fully disputes that Cover is entitled to any relief whatsoever in connection with his claims, the amount-in-controversy requirement is satisfied because Cover's claims place at least $75,000 in controversy.

13.  As the Supreme Court has recognized, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014); *see also id.* ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").  Relatedly, the D.C. Circuit has instructed that a court must be "very confident that a party cannot recover the jurisdictional amount" before rejecting a case for lack of jurisdiction.  *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993).

14.  In his complaint, Cover seeks various forms of monetary relief, including back and front pay, compensatory damages, punitive damages, and attorneys' fees.  (*See* Compl., Prayer for Relief.)  Again, while Aramark Campus categorically denies any liability associated with Cover's alleged claims, even a conservative, good-faith estimate of the alleged damages placed at issue through his claims makes clear that the amount in controversy exceeds $75,000.

15. First, based on Cover's salary at the time of his separation from employment with Aramark Campus, his alleged economic damages alone would likely meet the jurisdictional minimum, even before considering other potential compensatory damages, punitive damages, or attorneys' fees. *See, e.g.*, *Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13, 16 n.1 (D.D.C. June 30, 2017) (finding diversity requirements satisfied under 28 U.S.C. § 1332(a) where "[d]iversity of citizenship appears on the face of the complaint, and while plaintiff does not set out a specific dollar amount in controversy, he seeks back pay, lost benefits, front pay and other damages") (internal citation and quotation marks omitted).

16. Moreover, Cover seeks "compensatory damages" and "punitive damages" against Aramark Campus. (*See* Compl., Prayer for Relief.) The inclusion of these forms of damages further satisfies the amount-in-controversy requirement because a good-faith estimate of such damages could exceed the $75,000 monetary threshold. *See, e.g.*, *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (explaining that, in light of plaintiff's demand for compensatory and punitive damages, "Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement"); *see also Parker-Williams v. Charles Tini & Assocs., Inc.*, 53 F. Supp. 3d 149, 153 (D.D.C. 2014) ("While trying to estimate the precise amount of punitive damages would be inherently speculative, their potential applicability pushes the Court further towards the conclusion that the amount in controversy exceeds $75,000.").

17. Finally, Cover seeks attorneys' fees, which are properly considered as "part of the amount in controversy if they are provided for by statute or contract." *Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 144 (D.D.C. 2014) (citation omitted). Fees are recoverable by statute under the DCHRA. *See* D.C. Code § 2-1403.13. Thus, Cover's prayer for attorneys' fees

should be included for purposes of determining the amount placed in controversy. As this District held when presented with similar claims, "it is difficult to believe that the amount in controversy here could be lower than $75,000 when [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams*, 53 F. Supp. 3d at 153.

18. In sum, taking Cover's alleged damages together—but without conceding that Cover is entitled to relief at all—the amount placed in controversy by his claims surpasses $75,000, making removal proper under 28 U.S.C. §§ 1332 and 1441.

## V. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

19. Contemporaneously with the filing of this Notice of Removal, Aramark Campus will provide notice to Cover, through his counsel of record, and will file a copy of this Notice with the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Aramark Campus prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: May 29, 2019

Respectfully submitted,

/s/ *Matthew J. Sharbaugh*
Matthew J. Sharbaugh (D.C. Bar No. 1009614)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel:   (202) 739-3000
Fax:   (202) 739-3001
matthew.sharbaugh@morganlewis.com

Anne E. Martinez (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5718
Facsimile:  +1.215.963.5001
anne.martinez@morganlewis.com

*Attorneys for Defendant*
Aramark Campus, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May 2019, a true and correct copy of the foregoing has been served on the party listed below via first-class mail:

R. Scott Oswald, Esq.
John T. Harrington, Esq.
The Employment Law Group, P.C.
888 17th Street, N.W., 9th Floor
Washington, DC 20006
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com

*Counsel for Plaintiff Julian Cover*

  /s/ *Matthew J. Sharbaugh*
Matthew J. Sharbaugh, Esq.

DB1/ 104098424.4