**EXHIBIT A**

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| JULIAN COVER,<br>3216 Spartan Road, Apt. 39<br>Olney, MD 20832,<br><br>      *Plaintiff*,<br><br>v.<br><br>ARAMARK CAMPUS LLC,<br>1101 Market St.<br>Philadelphia, PA 19107,<br><br>    Serve Registered Agent:<br><br>    CT CORPORATION SYSTEM<br>    1015 15th St. NW<br>    Suite 1000<br>    Washington, D.C. 20005,<br><br>    and<br><br>AMERICAN UNIVERSITY,<br>4400 Massachusetts Ave., NW<br>Washington, DC 20016,<br><br>    Serve Registered Agent:<br><br>    DOUGLAS KUDRAVETZ<br>    4400 Massachusetts Ave., NW<br>    Suite 1000<br>    Washington, D.C. 20016,<br><br>      *Defendants*. | Civil Action No. _____ |

## CIVIL COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
## AND DEMAND FOR JURY

Plaintiff Julian Cover, by and through counsel, files this civil complaint and demand for jury trial against Defendants Aramark Campus LLC and American University (collectively

1

Defendants), for discrimination in violation of the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq*.

## PARTIES

1. Cover is an individual domiciled in the State of Maryland.

2. Aramark Campus LLC is a Delaware Limited Liability Corporation headquartered in Philadelphia, Pennsylvania and doing business at American University's campus located in the District of Columbia.

3. American University is an Act of Congress corporation located and doing business in the District of Columbia.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the claims presented because Defendants are registered to do business and transact regular business in the District of Columbia and because Defendants employed Cover in the District of Columbia.

5. This Court has subject matter jurisdiction over the claims in this complaint brought under the law of the District of Columbia pursuant to the District of Columbia Human Rights Act.

6. Venue is proper in this Court because it is the judicial district where the unlawful employment practices are alleged to have been committed.

## FACTUAL ALLEGATIONS

7. Cover is an African American male, and Aramark hired Cover in or around 2011 as a Food Service Director/District Safety Leader at New York University. Aramark subsequently promoted Cover in or around July 2017 to be its Resident District Manager working at American University. In his position as Resident District Manager at American

University, Cover was responsible for the overall campus dining program, including all retail, residential, and catering for American University and the Washington College of Law.

8. Cover reported to Aramark's Regional Vice President for the Washington region, originally Mary Thornton (white female), and subsequently Stewart McKinney (white male). Cover's second level supervisor was Aramark's President of Higher Education, originally Pat Boggs (white male) and subsequently Jeff Gilliam (white male). Cover was also accountable to American University's Director of One Card and Dining Services, Ann Marie Powell (African American female), and American University's Executive Director of Auxiliary Services, Charles "Chuck" Smith (white male).

9. Before Cover began working for AU, Cover was interviewed by Smith, Chris Moody (AU's Associate Vice President for Student Affairs), and Yuanita Edwards (AU's Contract Manager).

10. AU had official authority to remove Aramark employees from the AU campus per the contract between AU and Aramark. AU could also recommend to Aramark that Aramark employees be fired or disciplined. AU auxiliary services employees would also verbally counsel Aramark managers and hourly employees.

11. AU required Cover to attend mandatory weekly and monthly meetings. Cover had an office on AU's campus, which was furnished by AU.

12. Throughout early 2018 Cover worked with Aramark to audit Aramark's performance on its American University contract. In this process, Cover learned that his predecessor Ken Chadwick (white male) had been improperly paying American University commissions not owed to American University.

13. Cover learned in or around the late spring and early summer of 2018 that

Chadwick had improperly gifted American University a golf cart that Aramark paid for and insured despite Aramark not having access to the golf cart. Chadwick was separated from Aramark with a generous separation package despite his financial improprieties while working for Aramark on its contract with American University.

14. Moreover, Aramark learned prior to Cover working at American University that Aramark employee Mary Rita McKenna (white female) was engaged in a sexual relationship with a subordinate, Vladimir Ruiz (Latino male). Aramark transferred McKenna to work at the Washington College of Law campus away from Ruiz as a result of McKenna and Ruiz's relationship. The Washington College of Law campus was approximately one mile away from American University's campus at that time.

15. Cover, not knowing of McKenna and Ruiz's relationship, promoted McKenna to the position of Catering Director on the American University campus in or around December 2017.

16. On or around December 14, 2017, after a manager's outing, McKenna offered to give Cover a ride to his car. While in McKenna's car, McKenna told Cover that her sister was a plastic surgeon and had given McKenna breast implants. McKenna also disclosed her sexual relationship with Ruiz and disclosed that she had been intimate with Ruiz on American University property and that as a result Ruiz would not follow her instructions as a manager. McKenna then placed her hand on Cover's knee and stated she wanted Cover to serve as her mentor. Cover immediately removed McKenna's hand from his knee, thanked her for the ride, advised her to call an Uber or a taxi if she was unable to safely drive home, and exited McKenna's car.

17. The following day, Cover reported the incident in the car with McKenna to

Amanda Levi (African American female), Aramark's Senior Human Resources Manager at the time. Levi responded by telling Cover that McKenna and Ruiz's relationship was "none of his business." Levi took no steps to address McKenna touching Cover in the car.

18. Thereafter, McKenna offered to give Cover back massages on multiple occasions throughout the first half of 2018. In response, Cover firmly and politely declined McKenna's offers.

19. Cover, at the request of Powell and Smith, counseled McKenna for dressing unprofessionally on a number of occasions throughout 2018. Cover also informed Aramark human resources of ongoing concerns with McKenna's professionalism and his attempts to counsel McKenna throughout 2018.

20. On or about May 18, 2018, McKenna failed to deliver a catering order to the client's satisfaction. Cover asked McKenna for documentation and an explanation about why she failed to deliver the catering order as expected.

21. Smith demanded Cover terminate McKenna at a meeting on or about May 24, 2018. In response, Cover informed Smith that Aramark had a progressive discipline process and that McKenna could not be fired without first being issued progressive discipline. Cover issued McKenna a verbal warning in or around late May 2018, for her role in failing to deliver the May 18, 2018 catering order to the client's expectations.

22. Smith asked Cover to secure six tickets to the upcoming Washington Capitals' hockey playoff game on or about May 24, 2018, and Cover escalated Smith's request to Cover's manager, Stewart.

23. Stewart granted approval to Cover for Cover to purchase six Washington Capitals' tickets for the American University client in the amount of approximately $14,000.

Stewart did not issue Cover any additional instructions for purchasing the tickets.

24. Accordingly, Cover purchased the six Washington Capitals' tickets on his personal credit card and subsequently submitted an expense report for the price of the tickets and indicated that the expense was "client entertainment."

25. On or about June 21, 2018, Laurie Garrett, an Associate Vice President of MyHR Portal for Aramark, telephoned Cover to discuss a "policy violation." Garrett explained that she was investigating the purchase of the playoff tickets and asked Cover a number of questions, which Cover answered truthfully. Cover also provided Garrett with text messages and e-mails from Stewart approving Cover's request to purchase the tickets for Smith.

26. On or about July 10, 2018, McKenna wore an unprofessional outfit to a client meeting, and Cover escalated his concerns regarding McKenna's attire and performance to human resources to initiate a written warning, as indicated by Aramark's progressive discipline policy.

27. Between on or about July 10, 2018 and July 12, 2018, Cover began drafting a written counseling for McKenna for her poor performance and unprofessional attire. Cover sent the draft written warning to Aramark's MyHR Portal and received feedback from the MyHR Portal about McKenna's written warning on or about July 19, 2018.

28. On or about July 25, 2018, Cover learned that McKenna had again failed to deliver a catering order to the client's expectations. He asked McKenna for documentation and an explanation about why she failed to deliver the July 25, 2018 catering order as expected.

29. On or about July 27, 2018, Cover scheduled a meeting with McKenna for the week of July 31. At the meeting, Cover intended to issue McKenna the written warning Aramark human resources had approved.

30. On or about July 30, 2018, Aramark Assistant Vice President for Human Resources Allison Hann and Gilliam issued Cover a final written warning for allegedly failing to follow protocol with regard to purchasing the Washington Capitals' tickets. Cover asked why he was issued a final written warning when he had never before been disciplined, and he also questioned why he was being disciplined when his predecessors on the American University contract, Chadwick and Thornton, had purchased gifts for American University without being disciplined.

31. Hann told Cover that Aramark was also investigating confidential allegations made against Cover and that Cover was suspended pending the outcome of the investigation into the allegations.

32. Cover spoke with human resources representative Brooke Biederman on or about August 1, 2018. Biederman informed Cover that a manager had made a complaint of sexual harassment against Cover and that manager did not feel comfortable working alongside Cover.

33. Cover spoke with Biederman about the allegations in more detail on or about August 2, 2018. In this conversation, Biederman disclosed that McKenna filed a complaint against Cover alleging that Cover had attempted to touch McKenna's legs and breasts and made sexually inappropriate comments to McKenna in the workplace. McKenna alleged that these incidents happened during the car ride on or about December 14, 2017. McKenna also alleged that Cover offered or attempted to give McKenna a back massage while in the office on or about December 19, 2018.

34. Cover reported to Biederman that it was McKenna, not Cover, who had alluded to McKenna's breasts in the car on December 14, 2017 and that it was McKenna, not Cover, who touched Cover's leg in the car. Cover also reported that he had immediately informed Aramark

7

Senior Human Resources Manager Levi about this incident the day after it occurred.

35. Cover also advised Biederman that he was in the process of issuing McKenna a written warning and that Aramark human resources was aware that Cover was attempting to discipline McKenna. Cover then reported his belief that McKenna was falsely accusing Cover of sexual harassment to avoid being issued a written warning.

36. On or about August 13, 2018, Cover had a telephone call with Thornton and Regional Human Resources Director Paul Kottmer. During this call, Kottmer terminated Cover's employment with Defendants.

37. As the direct result of Defendants' illegal employment actions, Cover has sustained monetary damages and mental anguish, as well as damage to his reputation, and he will continue to incur damages into the foreseeable future.

## COUNT I
### Discrimination in Violation of the
### District of Columbia Human Rights Act
### D.C. Code § 2-1401, *et seq.*
### Against all Defendants, Jointly and Severally

38. Cover realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs.

39. At all relevant times herein, D.C. Code §§ 2-1401 and 2-1402.11 was in full force and effect.

40. Aramark and American University are "employers" as the term is defined by D.C. Code § 2-1401.02(10).

41. Cover was an "employee" as the term is defined by D.C. Code § 2-1401.02(9).

42. Aramark and American University were aware that Cover is an African American male.

43. Cover experienced an adverse action when on July 30, 2018, Aramark notified Cover that he was being issued a final written warning, and on August 13, 2018, when Aramark notified Cover that he was being terminated.

44. Aramark and American University discriminated against Cover because of his race and sex by treating him less favorably than it did other white and female employees.

45. The reasons for terminating Cover's employment are false and are pretext for unlawful discrimination.

46. Accordingly, Cover is entitled to such legal or equitable relief as will effectuate the purposes of the D.C. Human Rights Act, including, but not limited to, reasonable attorneys' fees, compensatory damages, punitive damages, damages for humiliation and embarrassment, front and back pay, interest on all damages, equitable relief, consequential damages, any other relief that furthers the purpose of the D.C. Human Rights Act, and any other relief that this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE Cover prays this Honorable Court for the following relief:

A. Judgment against Defendants in the amount of economic damages, compensatory damages, liquidated damages, and punitive damages to be determined at trial;

B. Pre-judgment interest;

C. Employment, reinstatement, promotion, or other equitable relief;

D. Economic damages including front and back pay;

E. Compensatory damages;

F. Interest due on unpaid wages;

G. A reasonable attorneys' fee and the costs of this action, and;

H.  Any other relief this Honorable Court deems just and proper to award.

Respectfully submitted,

_____
R. Scott Oswald, Esq.
John T. Harrington, Esq.
The Employment Law Group, P.C.
888 17th Street, N.W.,
9th Floor
Washington, D.C. 20006
(202) 261-2830
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
tharrington@employmentlawgroup.com
*Counsel for Plaintiff*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Julian Cover

vs

Aramark Campus LLC & American University

Case Number: _____

Date: February 4, 2019

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* John T. Harrington & R. Scott Oswald | Relationship to Lawsuit |
|---|---|
| Firm Name: The Employment Law Group | ☒ Attorney for Plaintiff |
| Telephone No.: 202-261-2830  Six digit Unified Bar No.: 987659, 458859 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury  ☒ 6 Person Jury  ☐ 12 Person Jury

Demand: $ _____  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar #: _____

NATURE OF SUIT:  *(Check One Box Only)* Discrimination in violation of D.C. Code § 2-1401

## A. CONTRACTS                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
     Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
     Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
     Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
     Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
     Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ John T. Harrington_
Attorney's Signature

February 4, 2019
Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Julian Cover
_____
Plaintiff

vs.                                                    Case Number _____

Aramark Campus LLC.
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John T. Harrington, R. Scott Oswald
_____
Name of Plaintiff's Attorney

The Employment Law Group, P.C.
_____
Address
888 17th Street NW, Suite 900, Washington D.C.

202-261-2830
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
        contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

     Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

     A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                             *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                                 Por: _____

_____
Dirección                                                          Subsecretario

_____

                                                 Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                                          Vea al dorso el original en inglés
                                          See reverse side for English original

                                                                                                                                                  CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Julian Cover
_____
Plaintiff

vs.                                                         Case Number _____

American University
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

R. Scott Oswald, John T. Harrington
Name of Plaintiff's Attorney

The Employment Law Group, P.C.
Address
888 17th Street NW, Suite 900, Washington D.C. 20006

202-261-2830
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም አማካኝ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
        contra

                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____     *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                Por: _____
_____           Subsecretario
Dirección

_____

                                                Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc